### KENNER & AL. vs. THEIR CREDITORS.

A bill at sixty days sight, accepted payable sixtythree days from the date of the acceptance, is accepted according to its tenor and is to be protested on the sixty-third day.

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. Hicks, Lawrence & Co. opposed the homologation of the tableau of distribution, on the ground that they were not placed thereon, as creditors for the amount of a protested bill

of exchange, drawn by the insolvents. The opposition was overruled, and the opposing party appealed.

The bill, which was at sixty days' sight, was accepted on the fourteenth of September 1825, *payable on the fourteenth of November* following, and protested *on the latter day.*

The appellees' counsel urge that the appellants lost their recourse on the drawer: because

1. The acceptance was contrary to the tenor of the bill, being for payment on the sixty-third instead of the sixtieth, day after sight.

2. The protest was made on the day of payment, instead of the last of the days of grace.

Both of the objections will be disposed of by the solution of the question: Was the fourteenth of November (the day stated in the acceptance) the peremptory day of payment, or that from which the days of grace were to be reckoned? or, in other words, were the days of grace included between the day of acceptance and the fourteenth of November.

If that day was the peremptory one, and those of grace were included, then was the acceptance according to the tenor of the bill.

Then, was the protest timely.

HARVARD LAW SCHOOL LIBRARY

Eastern Dist.
March, 1829.

KENNER & AL
vs.
their credt's.

Both parties admit, that all questions relative to the acceptance and protest of a bill of exchange are to be determined according to the law of the country in which it is accepted and protested.

In the present case, the bill was accepted and protested in England, and the laws of that country afford the only legitimate rule of decision.

These laws being here foreign laws, must be proved as facts, by testimony or documents.

For these purposes, the appellants have introduced the depositions of nine witnesses, conversant in banking business, at the place on which the bill was drawn.

1. Hall, the first of these, deposes, that a bill at sixty days' sight, and accepted in the following form, "accepted, payable on the tenth of September, Liverpool, July 12, 1825," can be protested, according to commercial usage, on the thirteenth of September. He would reckon sixty-three days from the twelfth of July, the day of acceptance.

2, 3. Henderson and Orford testify, the bill the first witness speaks of would be irregularly accepted. According to commercial usage,

it should be protested on the thirteenth of September.

4. Gordon says, such an acceptance would be irregular and contrary to commercial usage. If he had a bill thus accepted, he would present it on the tenth, and again on the thirteenth, and protest it on the latter day.

5, 6. Anderson and Luke deposed as the first witness.

7. Binns thinks the bill should be protested according to commercial usage on the 13th.

8. Ireland testified to the same purpose, adding, the words, "payable on the 10th of September," was surplusage.

9. Highfield viewed them likewise as surplusage.

These gentlemen may well consider the words "payable on the 10th of September," as useless or superfluous, for the acceptance would have precisely the same meaning and effect if they were omitted. The drawee is required to pay sixty days after sight, the bill is presented on the twelfth of July, and he accepts it to pay on the 10th September, i. e. as he is required, on the sixtieth day after presentation. But surplusage does not vitiate an act; *utile per inu-*

Eastern Dist
March, 1829.

KENNER & AL
vs.
their credt's.
*tile non vitiatur ;* and authorities have been ci-
ted, which have not been contradicted, that
there is no form of acceptance established or
required, by the law of England.

We conclude from the examination of the
appellees' own witnesses on this point that it
does not result therefrom that a dated accept-
ance is vitiated by the express designation of
a day of payment, when that day is designated
according to the tenor of the bill.

We cannot comprehend what Gordon, the
fourth witness, means by saying he would pre-
sent the bill on the tenth, and again on the thir-
teenth, and protest it on the latter day.   We
cannot see of what use the presentation on the
tenth could be, when not followed immediate-
ly by a protest.

The same witnesses have been next examin-
ed, by the appellants, in regard to a bill at six-
ty days' sight, accepted on the ninth of July,
payable on the tenth of September.   The dif-
ference between the bill in regard to which the
witnesses were first examined and that now to
be considered is, that in the former the day
expressly designated in the acceptance was the
sixtieth, and the other the sixty-third ; in the

one case the nominal, in the other the per-
emptory day of payment.

1, 2, 3, 4, 5, 6. Six of the appellees' witnes-
ses, Hall, Gordon, Anderson, Binn, Luke, and
Highfield, suppose the latter bill ought to be
protested on the tenth day of September, the
day designated in the acceptance.

7. Henderson thinks it should, *if the days
of grace were included.*

8. Ireland deposes he would consider the
words, "payable on the tenth of September,"
as surplusage, and would protest on that day.

9. Orford deems the acceptance irregular,
and should think the acceptor had *included
the days of grace*, and would protest on that
day.

Thus, from the unanimous opinion of the
nine witnesses introduced by the appellees,
with the exception of the seventh, Henderson,
who speaks hypothetically, it follows from a
comparison of the tenor of the bill, the date of
the acceptance and the day designated for pay-
ment, the latter is the third after the expiration
of the days after sight: the day thus desig-
nated is the peremptory day of payment.

In such a case the acceptance is according

Eastern Dist.
*March*, 1829.

KENNER & AL
*vs.*
their credt's.

to the tenor of the bill, and the protest made on the day expressly designated is timely.

Our attention has, however, been drawn by the counsel of the appellees to a vast number of British, American and French authorities, from a careful examination of which it appears to us that the counsel are correct in their assertion that there is no express form, established or prescribed by the English laws; but the proposition that the words "payable on the — day of———," added between the words "accepted" and the acceptor's signature or date, are to be rejected as surplusage, must be confined to cases in which the day designated appears to be the nominal day of payment—because their insertion has then no effect—that when that day, from a like comparison, appears to be the peremptory day of payment, they have the effect of shewing that the days of grace have been included; and thus when the day thus designated does not appear to be either of these days, as, when in a bill at sixty days sight, another than the sixtieth or sixty-third day is stated, the words "payable, &c." have the effect of controlling the acceptance, by shewing that it is not the intention of the drawee to accept it according to its tenor.

When the contrary does not clearly appear, protests must be viewed as having done *id* *quod plurimum fit*, and an instrument must be construed, if circumstances do not demand a contrary construction, *ut res magis valeat quam pereat*, and if the expressions used be susceptible of two meanings, the construction must be against the party who used them.— *Verba fortius accipiuntur contra proferentem.*

We conclude that the holders of the bill did not discharge the drawers by receiving the drawees' acceptance, because it was according to the tenor of the bill, which was protested in due time.

We think the parish judge erred in disallowing the appellants opposition to the tableau.

Judge Mathews, whose indisposition has deprived us of his presence in court for some time past, attended the conference of the judges in this case, and authorises us to say that he concurs in this opinion.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and proceeding to pronounce the judgment, which in our

Eastern Dist.
*March* 1829.

KENNER & AL.
*vs.*
their credit's.
opinion ought to have been given in the parish court; it is ordered, adjudged and decreed, that the appellants' opposition be sustained and that they be placed on the tableau as creditors for the amount of the bill and charges consequent on the protest, the appellees paying costs in this court.

*Hennen* for plaintiffs, *Livermore, Morse and Smith* for defendants.